Antonio García Sanjurjo, Plaintiff and Appellant, v.
Nicolás Trilla, Defendant and Appellee.

No. 6775. Argued November 9, 1934.—Decided January 18, 1935.

*José Sabater* for appellant.   *A. Ramírez Silva* for appellee.   *Angel Arroyo Rivera* as *amicus curiae*.

Mr. Justice Wolf delivered the opinion of the Court.

Antonio García Sanjurjo brought an unlawful detainer proceeding against Nicolás Trilla to obtain possession of a house located on the property of the said plaintiff, on the ground that he was the owner thereof, as having purchased the same at a public auction.   Nicolás Trilla defended on the ground that the house was his homestead and the District Court of Mayagüez so decided.   On appeal both parties presented briefs, but attorney Angel Arroyo Rivera, on permission, appeared as amicus curiae, presented arguments in favor of the reversal of the judgment and filed briefs.

The amicus curiae concedes that there are jurisdictions where a homestead may arise on leased property but he maintains that the general current of authority is to the contrary; that ordinarily a homestead right must inhere in the soil.   He examined and discussed the first section of the law of homestead which provides as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, .or liability incurred for the improvements placed thereon, and except as hereinafter prescribed: *Provided,* That in the case of a leease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

In the present case Trilla was a lessee originally of a lot on which the house stands, but it is clear, we think, from the record that at the beginning of the present action his title only covered the house of which he had the possession. No question of a lease of the lot is involved and no suggestion of a right to enter by reason of a failure to comply with the lease.

The claim of the appellant arose by reason of an indebtedness of Trilla for rent. García Sanjurjo brought a suit against Trilla for the amount of the indebtedness and recovered judgment. The sentence, at the instance of García Sanjurjo, was executed on the house wherein Trilla claimed his homestead. The deed by the marshal to García Sanjurjo is copied into the record. Two of the paragraphs thereof read as follows:

"SECOND. That pursuant to the said writ of execution of judgment, this marshal proceeded to advertise, as he did advertise, the sale in public auction to the highest b'dder, to be held at 2 p. m. on on April 6, 1934, at his office located in the Municipal Court of Mayagüez, of every right, title or interest of defendant N'colás Trilla in the following piece of property:

"A frame house, with galvanized iron roof, having a balcony in front and measuring e'ghteen feet in front by twenty feet deep,

standing on a lot of García Sanjurjo Building Improvement Project, in the 'Paris suburb of this city (Mayagüez), bounded on the north, south and west by other lots of Antonio García Sanjurjo, and on the east by stree tNo. 7 of building improvement project. It is used as a dwelling house.''

This suit, according to the appellant, put the title of the house in him and he seeks to obtain the possession thereof. It is evident to our minds that García Sanjurjo by all of his actions recognized that until the deed by the marshal Trilla was the owner of the house, in possession thereof and that he built in good faith. García Sanjurjo acknowledged a species of ownership in the house still attached to the soil. Under the special circumstances of this case the house must be held to be subject to a claim of homestead like any other piece of real estate.

The appellant also raised a question of estoppel. He maintained that the right of homestead should have been set up in the suit for the recovery of the rent. Of course, a suit for the recovery of money does not show where the creditor will execute in case he obtains a judgment. From the deed of the marshal it does not appear that Trilla was notified of the execution sale or that the marshal made any levy on the house. Where a matter of estoppel or waiver is alleged, the record should show that a person like Trilla had an opportunity to make his claim of homestead.

Independently of any of the considerations immediately foregoing, we are not convinced that the estate of homestead was lost by the execution made or attempted to be made by the marshal.

The judgment should be affirmed.